1

2

3

4                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF WASHINGTON
5

6   SHEILA WRIGHT,                    )
                                      )   No. CV-09-164-CI
7              Plaintiff,             )
                                      )
8   v.                                )   ORDER GRANTING PLAINTIFF'S
                                      )   MOTION FOR SUMMARY JUDGMENT
9   MICHAEL J. ASTRUE,                )   AND REMANDING FOR ADDITIONAL
    Commissioner of Social            )   PROCEEDINGS PURSUANT TO
10  Security,                         )   SENTENCE FOUR 42 U.S.C. §
                                      )   405(g)
11             Defendant.             )

12       BEFORE THE COURT are cross-Motions for Summary Judgment (Ct. Rec.

13  9, 11.)   Attorney Gary R. Penar represents Plaintiff; Special

14  Assistant United States Attorney David J. Burdett represents

15  Defendant.  The parties have consented to proceed before a magistrate

16  judge.  (Ct. Rec. 3.)  After reviewing the administrative record and

17  briefs filed by the parties, the court **GRANTS** Plaintiff's Motion for

18  Summary Judgment and **DENIES** Defendant's Motion for Summary Judgment.

19                              **JURISDICTION**

20       Plaintiff Sheila Wright (Plaintiff) protectively filed for

21  supplemental security income (SSI) and for disability income benefits

22  (DIB) on November 16, 2005.  (Tr. 71, 74, 706.) Plaintiff's SSI

23  application alleged an onset date of November 2, 2005, and her DIB

24  application alleged an onset date of October 21, 2005. (Tr. 71, 706.)

25  Benefits were denied initially and on reconsideration. (Tr. 34, 38.)

26  Plaintiff requested a hearing before an administrative law judge

27  (ALJ), which was held before ALJ Hayward C. Reed on December 13, 2007.

28  (Tr. 719-54.)  Plaintiff was represented by counsel and testified at

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -1

the hearing. (Tr. 721-37, 739-40, 750-53.) Vocational expert Deborah Lapoint also testified. (Tr. 738-750.) The ALJ denied benefits (Tr. 11-18) and the Appeals Council denied review. (Tr. 4.) The instant matter is before this court pursuant to 42 U.S.C. § 405(g).

### STATEMENT OF FACTS

The facts of the case are set forth in the administrative hearing transcripts and will, therefore, only be summarized here.

Plaintiff was born on May 27, 1960 (Tr. 721) and was 47 years old at the time of the hearing. Plaintiff completed the ninth grade, but later obtained a GED and a one-year certificate in accounting. (Tr. 637, 721-22.) She has worked as a motel maid, a sales attendant at a thrift store, and a telephone survey worker. (Tr. 723, 738-40.) Plaintiff testified that she feels unable to work because she has a hard time working for more than four hours and she gets really tired during long telephone surveys. (Tr. 724.) She said she has chronic obstructive pulmonary disease (COPD), fibromyalgia, restless leg syndrome, neuropathy, urinary incontinence, and sleep apnea. (Tr. 724-25, 727, 729-30.) She is in pain all the time and gets fatigued during the day. (Tr. 726, 731-32.) She takes pain medication. (Tr. 725, 734.) The pain is mostly in her back and her hands get crampy. (Tr. 726.) She gets out of breath easily and has pain down the back of her legs. (Tr. 726-27.) Plaintiff also testified she has a psychological condition. (Tr. 728.)

### STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence.

*See Jones v. Heckler,* 760 F. 2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F. 3d 1094, 1097 (9th Cir. 1999).   "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (*citing* 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan,* 888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services,* 846 F.2d 573, 576 (9th Cir. 1988).   Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971) (citations omitted).   "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze,* 348 F.2d 289, 293 (9th Cir. 1965).   On review, the court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989) (*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400.   If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Sec'y of Health and Human Services,* 839 F.2d 432, 433 (9th Cir. 1988).   Thus,

if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

### SEQUENTIAL PROCESS

The Social Security Act (the "Act") defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423 (d)(1)(A), 1382c (a)(3)(A). The Act also provides that a Plaintiff shall be determined to be under a disability only if his impairments are of such severity that Plaintiff is not only unable to do his previous work but cannot, considering Plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if he or she is engaged in substantial gainful activities. If the claimant is engaged in substantial gainful activities, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I).

If the claimant is not engaged in substantial gainful activities, the decision maker proceeds to step two and determines whether the

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -4

claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied.

If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404, Subpt. P, App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled.

If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work he or she has performed in the past. If plaintiff is able to perform his or her previous work, the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, the claimant's residual functional capacity ("RFC") assessment is considered.

If the claimant cannot perform this work, the fifth and final step in the process determines whether the claimant is able to perform other work in the national economy in view of his or her residual functional capacity and age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d

1111, 1113 (9th Cir. 1999).   The initial burden is met once the claimant establishes that a physical or mental impairment prevents him from engaging in his or her previous occupation.   The burden then shifts, at step five, to the Commissioner to show that (1) the claimant can perform other substantial gainful activity, and (2) a "significant number of jobs exist in the national economy" which the claimant can perform.  *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

A finding of "disabled" does not automatically qualify a claimant for disability benefits.  *Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001).   When there is medical evidence of drug or alcohol addiction, the ALJ must determine whether the drug or alcohol addiction is a material factor contributing to the disability.   20 C.F.R. §§ 404.1535(a), 416.935(a).   It is the claimant's burden to prove substance addiction is not a contributing factor material to her disability.  *Parra v. Astrue*, 481 F.3d 742, 748 (9th Cir. 2007).

If drug or alcohol addiction is a material factor contributing to the disability, the ALJ must evaluate which of the current physical and mental limitations would remain if the claimant stopped using drugs or alcohol, then determine whether any or all of the remaining limitations would be disabling.   20 C.F.R. §§ 404.1535(b)(2), 416.935(b)(2).

### ALJ'S FINDINGS

At step one of the sequential evaluation process, the ALJ found Plaintiff has not engaged in substantial gainful activity since October 21, 2005, the alleged onset date. (Tr. 13.) At step two, he found Plaintiff has the following severe impairments: lung cancer in remission, sleep apnea, chronic obstructive pulmonary disease,

fibromyalgia, urinary incontinence, and posttraumatic stress disorder. (Tr. 13.)  At step three, the ALJ concluded Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. (Tr. 14.)   Next, the ALJ determined, "claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she needs to avoid concentrated exposure to fumes, odors, dust, gases, and hazards." (Tr. 15.)   At step four, the ALJ found Plaintiff is capable of performing past relevant work as a survey worker, sales attendant, and house cleaner. (Tr. 18.)   Thus, the ALJ concluded Plaintiff has not been not been under a disability, as defined in the Social Security Act, from October 21, 2005, through the date of the decision.  (Tr. 18.)

### ISSUES

The question is whether the ALJ's decision is supported by substantial evidence and free of legal error.  Specifically, Plaintiff argues the ALJ erred by: (1) rejecting Plaintiff's testimony without clear and convincing reasons; (2) improperly rejecting a psychological opinion evidence; (3) failing to properly formulate the RFC; and (4) finding plaintiff capable of performing past relevant work.  (Ct. Rec. 10 at 25-39.)   Defendant argues the ALJ: (1) properly determined Plaintiff was not entirely credible; (2) adequately addressed the medical evidence; (3) properly relied upon the vocational expert's testimony. (Ct. Rec. 12 at 5-10.)

### DISCUSSION

### 1.  Credibility

Plaintiff argues the ALJ's rationale for rejecting Plaintiff's credibility is legally deficient. (Ct. Rec. 10 at 25.) In social

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -7

security proceedings, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice.   20 C.F.R. § 416.908. The effects of all symptoms must be evaluated on the basis of a medically determinable impairment which can be shown to be the cause of the symptoms.   20 C.F.R. § 4416.929.

Once medical evidence of an underlying impairment has been shown, medical findings are not required to support the alleged severity of the symptoms. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991). If there is evidence of a medically determinable impairment likely to cause an alleged symptom and there is no evidence of malingering, the ALJ must provide specific and cogent reasons for rejecting a claimant's subjective complaints. *Id.* at 346.   The ALJ may not discredit pain testimony merely because a claimant's reported degree of pain is unsupported by objective medical findings.   *Fair v. Bowen*, 885 F.2d 597, 601 (9th Cir. 1989).   The following factors may also be considered: (1) the claimant's reputation for truthfulness; (2) inconsistencies in the claimant's testimony or between his testimony and his conduct; (3) claimant's daily living activities; (4) claimant's work record; and (5) testimony from physicians or third parties concerning the nature, severity, and effect of claimant's condition.   *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002).

If the ALJ finds that the claimant's testimony as to the severity of her pain and impairments is unreliable, the ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony. *Morgan v. Apfel*, 169 F.3d 599, 601-02

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -8

(9th Cir. 1999).   In the absence of affirmative evidence of malingering, the ALJ's reasons must be "clear and convincing." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1038-39 (9th Cir. 2007); *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001); *Morgan*, 169 F.3d at 599.  The ALJ "must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony."  *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001)(citation omitted).

The ALJ concluded that Plaintiff's medically determinable impairments could reasonably expected to produce the symptoms alleged by Plaintiff, but the Plaintiff's statements concerning the intensity, persistence and limiting effects of her statements are not credible to the extent they are inconsistent with the residual functional capacity assessment. (Tr. 16.)  The ALJ further found Plaintiff's statements are not credible and her statements concerning her pain, symptoms and limitations are not persuasive. (Tr. 17.)  The ALJ cited a number of reasons to justify the credibility finding.   (Tr. 16-17.)

First, the ALJ found there are inconsistencies between Plaintiff's statements and the objective medical evidence. (Tr. 16.) In support, the ALJ cites Plaintiff's statement that she had stopped drinking as inconsistent with a July 2006 medical note that Plaintiff fell and cut her eyebrow after drinking with friends. (Tr. 16, 509, 662.)  However, as Plaintiff points out, Plaintiff stated that she stopped drinking in March 2008, nearly two years after the note that she had fallen after consuming two alcoholic drinks. (Tr. 509.)  This is not evidence of inconsistency in Plaintiff's reporting, and neither the ALJ nor Defendant cites any other evidence suggesting Plaintiff's March 2008 statement that she had stopped drinking was inaccurate.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -9

Thus, the ALJ's conclusion that Plaintiff made inconsistent statements about drinking is not supported by the evidence.

Another inconsistency mentioned by the ALJ is that Plaintiff told her physical therapist she often had pain rated at 10 out of 10, yet she moved easily during her exam without apparent discomfort or pain. (Tr. 16.)    However, Plaintiff actually reported to the physical therapist that her pain ranged from 8-10 out of 10, and on that particular day she had taken a pain pill which reduced pain to 7 out of 10.[1]    (Tr. 484.)    The physical therapist did not suggest Plaintiff was malingering or exaggerating her pain, but identified limitations on lifting, carrying and reaching and set forth a treatment plan. (Tr. 484-85.)    The ALJ's conclusion that Plaintiff is exaggerating her pain is based on a factual inaccuracy, and is therefore not a proper basis for the credibility finding.

Additionally, the ALJ cited Plaintiff's testimony that she can only walk two blocks, but she told the physical therapist and Dr. Gilbert that she "walks everywhere."    (Tr. 16, 484, 701, 727.) Indeed, she told the physical therapist that she "walks everywhere and has never had any problems with doing that but she is beginning to have some discomfort during walking."    (Tr. 484.)    She told Dr. Gilbert she "walks everywhere" because she does not have a car.    (Tr. 701.) However, consistent with those reports, Plaintiff testified, "I walk everywhere, so I just — I walk a few blocks and I kind of stop and then I walk on because I have to walk everywhere." (Tr. 727.) The

---

[1]Plaintiff also testified that she had taken pain medication at the time of the May 11, 2007, physical therapy appointment.    (Tr. 737.)

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -10

ALJ's conclusion that Plaintiff's statements to her medical providers was inconsistent with her testimony is not supported by the evidence. In fact, none of the facts mentioned by the ALJ in support of the conclusion that Plaintiff made inconsistent statements is supported by the record.   Therefore, the first reason given by the ALJ to justify the credibility finding is not supported by substantial evidence.

The ALJ also cited evidence that Plaintiff exaggerates her pain. (Tr. 16.)  The ALJ pointed to an office visit note from ARNP Margaret Collyer which indicated that Plaintiff's pain complaints were out of proportion to the evidence. (Tr. 16, 589.)  Ms. Collyer's notes state that Plaintiff's symptoms of degenerative arthritis or osteoarthritis "are certainly disproportionate to the x-rays and clinical findings, but she does have some degenerative arthritis." (Tr. 589.)  The ALJ may not discredit pain testimony merely because a claimant's reported degree of pain is unsupported by objective medical findings. *Fair*, 885 F.2d at 601. Ms. Collyer noted an objective basis for Plaintiff's pain, but opined that the degree of pain reported exceeded the objective medical findings.  The ALJ's use of this opinion to support a negative credibility finding is contrary to the *Fair* case, *supra*. Therefore, the note by Ms. Collyer does not constitute a clear and convincing reason justifying the negative credibility finding.

The ALJ also listed several other reasons for rejecting Plaintiff's pain complaints.  Defendant does not address Plaintiff's challenges to these additional reasons, and these reasons are not clear and convincing reasons supported by substantial evidence.  The ALJ cited Plaintiff's work activity after the alleged onset date as suggestive that her daily activities have been somewhat greater than generally reported.  (Tr. 16.)  Part-time work is not inconsistent

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -11

with allegations of disability and does not constitute substantial evidence justifying a negative credibility finding. *See Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008). "The Social Security Act does not require that claimants be utterly incapacitated to qualify for benefits." *Fair*, 885 F.2d at 603. The ALJ improperly considered Plaintiff's non-substantial gainful activity as a daily activity inconsistent with disability in making the credibility determination.

Another consideration cited by the ALJ is Plaintiff's lack of mental health treatment. (Tr. 16.) The ALJ stated, "If the claimant's mental health problems were not severe enough to motivate her to seek treatment, it is difficult to accept her assertion that they are disabling." (Tr. 16.) As Plaintiff points out, the Ninth Circuit has observed that depression "is one of the most under-reported illnesses in the country because those afflicted often do no recognize that their condition reflects a potentially serious mental illness." *Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir. 1996). Although Plaintiff may have failed to seek psychiatric treatment for her mental condition, "it is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation." *Id.*, quoting *Blankenship v. Bowen*, 874 F.2d 1116, 1124 (6th Cir. 1989). It was not appropriate to consider Plaintiff's limited mental health treatment as evidence of a lack of a credibility.

Lastly, the ALJ also asserted the opinions of Plaintiff's treating sources undermine her credibility. (Tr. 17.) The ALJ observed that despite Plaintiff's symptoms, none of her treating providers ruled out performance of all work activity. (Tr. 16-17.)

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -12

In December 2005, Dr. Nisco opined that Plaintiff could perform sedentary work, although she was moderately limited with respect to lifting. (Tr. 471.) In June 2006, Sherry Franks, PA-C, indicated Plaintiff was limited to sedentary work, but noted the need for restrictions on pulling, pushing, sitting and climbing due to breathing issues and chronic body pain. (Tr. 477.) She also indicated that fibromyalgia limits Plaintiff's sitting, standing and walking capabilities. (Tr. 476.) According to Ms. Franks, in May 2007, Plaintiff was capable of light work, with moderate interference in the ability to sit, stand, walk, lift and communicate due to her medical problems. (Tr. 481.)

While the ALJ is correct that none of the treating sources stated Plaintiff could not work, the vocational expert indicated that with the limitations assessed by Ms. Franks in June 2006, Plaintiff could not return to past work. (Tr. 746.) Similarly, the vocational expert indicated that with the limitations assessed by Dr. Nisco, an individual could perform only Plaintiff's past work as a survey worker, which the ALJ concluded was not substantial gainful activity and is therefore not past relevant work.[2] (Tr. 13, 745.) Thus, the record does not establish that the opinions of Dr. Nisco and Ms. Franks in fact mean that Plaintiff can work, if the limitations assessed by those treating providers are taken into account. As a result, the opinions are not necessarily inconsistent with Plaintiff's assertion of that she cannot work at a level consistent with substantial gainful activity.

The ALJ's justifications for the negative credibility

---

[2]The ALJ's past relevant work determination is discussed *infra*.

determination are neither clear and convincing nor supported by substantial evidence.  As a result, the ALJ erred.

**2.   Dr. Islam-Zwart**

Plaintiff asserts the ALJ improperly rejected the opinion of Dr. Islam-Zwart, an examining psychologist. (Ct. Rec. 10 at 29-32.)  Dr. Islam-Zwart prepared a report dated March 18, 2008, and completed a DSHS psychological/psychiatric evaluation form.  (Tr. 657-64.)  Dr. Islam-Zwart diagnosed posttraumatic stress disorder, undifferentiated somatoform disorder, rule out somatization disorder, and rule out cognitive disorder not otherwise specified.  (Tr. 664.)  Dr. Islam-Zwart assessed a GAF of 50.[3]  Dr. Islam-Zwart assessed five marked limitations and three moderate limitations and opined that Plaintiff is "clearly unable to work and it seems likely she will be unable to initiate and maintain regular employment in the near future."  (Tr. 664.)  The ALJ gave Dr. Islam-Zwart's opinion little weight.  (Tr. 17.)

In disability proceedings, a treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion is given more weight than that of a non-examining physician.  *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).  If the treating or examining  physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons.  *Lester*, 81 F.3d at 830.  If contradicted, the opinion can only be rejected for "specific"

---

[3]A GAF score of 41-50 indicates serious symptoms or any serious impairment in social, occupation, or school functioning. DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS, 4TH Ed. at 32.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -14

and "legitimate" reasons that are supported by substantial evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995). Historically, the courts have recognized conflicting medical evidence, the absence of regular medical treatment during the alleged period of disability, and the lack of medical support for doctors' reports based substantially on a claimant's subjective complaints of pain as specific, legitimate reasons for disregarding a treating or examining physician's opinion. *Flaten v. Secretary of Health and Human Servs.*, 44 F.3d 1453, 1463-64 (9th Cir. 1995); *Fair*, 885 F.2d at 604.

Dr. Islam-Zwart's opinion is not directly contradicted by any opinion created after the alleged date of onset, although a 2003 opinion from Dr. Everhart relevant to a prior application indicates Plaintiff suffers from less severe limitations. (Tr. 363-64.) A January 2008 psychological evaluation report prepared by Dr. Gilbert does not contradict Dr. Islam-Zwart's findings and conclusions, although the diagnoses differ except for PTSD.[4] (Tr. 699-702.) Dr. Gilbert did not assess Plaintiff's work-related limitations, although he did assess a higher GAF score than Dr. Islam-Zwart. The court need not determine whether Dr. Islam-Zwart's opinion was contradicted because the ALJ's reasons for rejecting Dr. Islam-Zwart's opinion are

---

[4]Dr. Gilbert diagnosed pain disorder associated with both psychological factors and a general medical condition, posttraumatic stress disorder, cannabis abuse and rule out borderline personality disorder. (Tr. 702.) Dr. Islam-Zwart diagnosed posttraumatic stress disorder, undifferentiated somatoform disorder, rule out somatization disorder, and rule out cognitive disorder not otherwise specified. (Tr. 664.)

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -15

neither specific and legitimate nor clear and convincing.

Two reasons were given for rejecting Dr. Islam-Zwart's opinion. First, the ALJ indicated that Dr. Islam-Zwart examined Plaintiff only once.  (Tr. 17.)  This is not a specific, legitimate reason for rejecting DSHS medical reports.  The opinions of examining physicians must be considered by the ALJ.  *See* 20 C.F.R. § 404.1527; *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).  By definition, an examining physician does not have an ongoing relationship with a claimant; yet the regulations and case law require consideration and appropriate weighting of examining physician opinions.  *Id.*  The ALJ's suggestion that Dr. Islam-Zwart's report is inadequate because it is the result of a one-time examination leads to the conclusion that the opinions of all examining physicians or psychologists should be discarded, contrary to controlling authority.  Thus, the fact that Dr. Islam-Zwart's opinion is based on a one-time exam is not a valid reason for rejecting the opinion.

The second reason mentioned by the ALJ in rejecting Dr. Islam-Zwart's opinion is that "her assessment is inconsistent with the rest of the medical evidence that shows the claimant has held down a job for over 8 years and she has not required mental health counseling." (Tr. 17.)  The ALJ's reliance on Plaintiff's non-substantial gainful activity, part-time position as the basis for rejecting Dr. Islam-Zwart's opinion is misplaced.  Dr. Islam-Zwart noted Plaintiff's part-time employment and opined plaintiff would not be able to "initiate and maintain regular employment." (Tr. 664.)  The fact that Plaintiff worked part-time does not show she is physically or mentally able to work a full-time job.  Furthermore, as discussed above, "The fact that claimant may be one of millions of people who did not seek treatment

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -16

1  for a mental disorder until late in the day is not a substantial basis

2  on which to conclude that [a psychologist's] assessment of claimant's

3  condition is inaccurate." *Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th

4  Cir. 1996). Plaintiff's lack of mental health treatment does not bear

5  on the validity of the conditions and limitations assessed by Dr.

6  Islam-Zwart. This is not a specific, legitimate reason supported by

7  substantial evidence for rejecting the opinion.

8  Defendant asserts the ALJ rejected also Dr. Islam-Zwart's opinion

9  because "it was predicated in part on the subjective testimony of a

10  patient who lied to Dr. Islam-Zwart at least once." (Ct. Rec. 12 at

11  8.) Notwithstanding the fact that the ALJ did not cite this reason

12  for rejecting the opinion, and assuming Defendant references the

13  allegedly inconsistent statements about drinking, the record does not

14  support this argument.

15  The ALJ did not cite sufficient specific, legitimate reasons

16  supported by substantial evidence or clear and convincing reasons

17  supported by substantial evidence to justify rejection of Dr. Islam-

18  Zwart's report. As a result, the ALJ erred in rejecting Dr. Islam-

19  Zwart's opinion.

20  **3.    RFC**

21  Plaintiff argues the residual functional capacity determination

22  is inadequate for several reasons. (Ct. Rec. 10 at 32-36.) The ALJ

23  must examine a claimant's residual functional capacity and the

24  physical and mental demands of the claimant's past relevant work at

25  step four of the sequential process. 20 C.F.R. § 404.1520(e). RFC is

26  what an individual can still do despite his or her limitations.

27  S.S.R. 96-8p. Regulations require the ALJ to undertake a "function-

28  by-function" analysis of the claimant's capacity to work according to

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -17

exertional categories.  The RFC assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions in paragraphs (b), (c), and (d) of 20 C.F.R. §§ 404.1545 and 416.945.

Plaintiff assigns a number of errors to the ALJ's RFC finding. Plaintiff argues the ALJ failed to accept or reject the opinions of Dr. Nisco, Ms. Franks and Dr. Gilbert.  (Ct. Rec. 10 at 43.)  The ALJ mentioned the opinions of Dr. Nisco and Ms. Franks in the credibility analysis but did not discuss the limitations assigned by those professionals or explain why he did not accept or reject those opinions.  Both are treating practitioners, and the ALJ's failure to address their opinions constitutes error.  *See Lester*, 81 F.3d at 830; 20 C.F.R. § 404.1527(b); S.S.R. 96-8p.  Defendant argues the error was harmless error[5] because their opinions were accommodated by the ALJ's residual functional capacity determination.  (Ct. Rec. 12 at 9.)  This is not correct, as the assessments of sedentary and light work by Dr. Nisco and Ms. Franks were qualified by additional limitations which

---

[5]Harmless error only occurs if the error is inconsequential to the ultimate nondisability determination.  *See Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 885 (9th Cir. 2006); *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055-56 (9th Cir. 2006).  Errors that do not affect the ultimate result are harmless.  *See Parra v. Astrue*, 481 F.3d 742, 747 (9th Cir. 2007); *Curry v. Sullivan*, 925 F.2d 1127, 1131 (9th Cir. 1990); *Booz v. Sec'y of Health & Human Servs.*, 734 F.2d 1378, 1380 (9th Cir. 1984).

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -18

were not considered by the ALJ.[6]

Dr. Gilbert, an examining psychologist, diagnosed pain disorder associated with both psychological factors and a general medical condition, posttraumatic stress disorder, cannabis abuse and rule out borderline personality disorder.  (Tr. 702.)  Although the ALJ acknowledged Dr. Gilbert's findings at step two, the ALJ did not accept or reject the opinion or otherwise discuss Dr. Gilber's findings.  As Plaintiff's brief suggests, it is possible that Dr. Gilbert's diagnosis of pain disorder may explain some portion of Plaintiff's complaints. (Ct. Rec. 10 at 26.)  Defendant relies on the Dr. Gilbert's assessment of a GAF of 65[7] in suggesting that the ALJ's failure to consider Dr. Gilbert's opinion is harmless error.  (Ct. Rec. 12 at 9-10.)  However, the Commissioner has explicitly disavowed use of GAF scores as indicators of disability.  "The GAF scale . . . does not have a direct correlation to the severity requirements in our mental disorder listing."  65 Fed. Reg. 50746-01, 50765 (August 21,

---

[6]This is significant to the ultimate determination of nondisability because, as discussed *supra*, the vocational expert's testimony establishes that no past relevant work could be performed by Plaintiff when Dr. Nisco's limitations and Ms. Franks June 2006 limitations are taken into account.

[7]A GAF score of 61-70 indicates "some mild symptoms, (e.g., depressed mood and mild insomnia) OR some difficulty in social, occupational, or school functioning (e.g., occasional truancy, or theft within the household), but generally functioning pretty well, has some meaningful interpersonal relationships." DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS, 4TH Ed. at 32.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -19

2000).   Thus, the GAF score is not a basis on which the court may conclude the ALJ's failure to address Dr. Gilbert's opinion is harmless error.

Plaintiff also complains the ALJ relied on the state consulting physician opinion for the contents of the RFC.  (Ct. Rec. 10 at 35.) Dr. Staley's May 2006 residual functional capacity assessment indicates Plaintiff can occasionally lift or carry 20 pounds, frequently lift or carry 10 pounds, stand or walk about 6 hours in an 8-hour day, and can sit 6 hours in an 8-hour day with unlimited push/pull ability.  (Tr. 154.) Dr. Staley indicated Plaintiff should avoid concentrated exposure to fumes, odors, dusts, gases, poor ventilation and hazards.   (Tr. 157.)  Dr. Staley's opinion is consistent with the ALJ's RFC finding that Plaintiff can do light work but needs to avoid concentrated exposure to fumes, odors, dust, gases and hazards.  (Tr. 15, 17.)  However, Dr. Staley's opinion did not take into account nearly two years of additional medical evidence, including the information from and opinions of Ms. Franks and Ms. Collyer, physical therapy records, and other relevant medical evidence.  Dr. Staley's opinion may be a reasonable basis for the RFC, but the ALJ must properly accept or reject the opinions of treating and examining physicians before relying on the opinion of a reviewing physician, and must cite other evidence supporting the consulting physician opinion.  *See Andrews*, 53 F.3d at 1043; *Lester*, 81 F.3d at 830-31.  The ALJ failed to adequately justify his reliance on Dr. Staley's opinion.

Based on the foregoing, the ALJ's RFC determination is legally insufficient.  "The RFC assessment must always consider and address medical source opinions.  If the RFC assessment conflicts with an

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -20

opinion from a medical source, the adjudicator must explain why the opinion was not adopted." S.S.R. 96-8p. The ALJ erred by failing to fully discuss the medical source evidence and by adopting the opinion of a consulting physician without properly rejecting the opinions of treating and examining providers.

**4.   Past Relevant Work**

Plaintiff argues the ALJ improperly identified Plaintiff's past relevant work. (Ct. Rec. 10 at 37.) The ALJ inconsistently determined Plaintiff's survey work is past relevant work, despite previously finding that Plaintiff's part-time work as a survey worker is not substantial gainful activity because she does not earn enough. (Tr. 13, 18.) Furthermore, for past work as a housekeeper, Plaintiff earned less than the amount constituting substantial gainful activity under the regulations.[8] Thus, the ALJ erred in determining that Plaintiff has past relevant work as a housekeeper and as a survey worker. Additionally, the ALJ's failure to properly substantiate the findings regarding Plaintiff's credibility and properly consider of the medical evidence calls into question the validity of the remainder

---

[8]If average monthly earnings are less than the amount described in the regulations, it is presumed that a claimant has not engaged in substantial gainful activity. 20 C.F.R. §§ 404.1574(b)(3); 404.974(b)(3). For 1996 and 1997, monthly earnings over $500 constitutes substantial gainful activity under the regulations. 20 C.F.R. §§ 404.1574(b)(2), 416.974(b)(2). Plaintiff performed housekeeping work in 1996-97 for 16 hours per week at $7.00 per hour, earning $5,687 in 1996 and $6,071 in 1997, an average of less than $500 per month. (Tr. 60, 117.)

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -21

of the step four finding.

**5.    Remedy**

There are two remedies where the ALJ fails to provide adequate reasons for rejecting the opinions of a treating or examining physician.  The general rule, found in the *Lester* line of cases, is that "we credit that opinion as a matter of law." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996); *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990); *Hammock v. Bowen*, 879 F.2d 498, 502 (9th Cir. 1989). Another approach is found in *McAllister v. Sullivan*, 888 F.2d 599 (9th Cir. 1989), which holds a court may remand to allow the ALJ to provide the requisite specific and legitimate reasons for disregarding the opinion.  *See also Benecke v. Barnhart*, 379 F.3d 587, 594 (9th Cir. 2004) (court has flexibility in crediting testimony if substantial questions remain as to claimant's credibility and other issues). Where evidence has been identified that may be a basis for a finding, but the findings are not articulated, remand is the proper disposition.  *Salvador v. Sullivan*, 917 F.2d 13, 15 (9th Cir. 1990) (citing *McAllister*); *Gonzalez v. Sullivan*, 914 F.2d 1197, 1202 (9th Cir. 1990).

After considering the record in this case as a whole, it is not clear that Plaintiff is disabled.  The ALJ is in a better position than this court to evaluate the medical evidence and make a disability determination.  *See McAllister* at 603.  The ALJ must evaluate all of the medical opinion evidence, reevaluate Plaintiff's credibility, make a new RFC determination, and make new findings at step four before a finding of disability can be made.  Remand is therefore the appropriate remedy.  The opinion of a medical expert may be helpful on remand to ascertain the nature and extent of Plaintiff's limitations

to be included in the RFC assessment.  The court expresses no opinion as to what the outcome on remand will or should be.

**CONCLUSION**

Having reviewed the record and the ALJ's findings, the court concludes the ALJ's decision is not supported by substantial evidence and is based on legal error.  On remand, the ALJ should conduct a new sequential evaluation process, taking into account all of the medical and psychological opinion evidence and, if necessary, the opinion of a medical expert.  Accordingly,

**IT IS ORDERED:**

1.  Plaintiff's Motion for Summary Judgment **(Ct. Rec. 9)** is **GRANTED**.  The matter is remanded to the Commissioner for additional proceedings pursuant to sentence four 42 U.S.C. § 405(g).

2.  Defendant's Motion for Summary Judgment **(Ct. Rec. 11)** is **DENIED.**

3.  An application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant.  Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

DATED June 2, 2010.


                        S/ CYNTHIA IMBROGNO
                   UNITED STATES MAGISTRATE JUDGE


ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -23